[No. 5252.]
[No. 2877 C. A.]

THE DENVER & RIO GRANDE RAILROAD COMPANY v. KLAES.

**Damages—Pleading—Defect—Going to Trial Without Objection —Waiver.**

In an action for damages, plaintiff alleged that he was pushed off a moving train, fell on his side and hurt and bruised his hip,

which became very sore and painful, causing him to lose sleep for six days and nights and to be lame and disabled from performing physical labor for ten days; that his time was worth $3 a day, and that he expended $4 for medical treatment on account of such injuries; prayed for $5,000 damages and costs, and received a judgment for $234. Held, that, although the code requires the plaintiff to set forth the amount of damages sustained, by going to trial without objection thereto the defendant waived this right, and on appeal the complaint will be deemed sufficient to support the verdict.—P. 127.

*Appeal from the District Court of Chaffee County.*
*Hon. M. S. Bailey, Judge.*

Action by John Klaes against The Denver & Rio Grande Railroad Company. From a judgment for plaintiff, defendant appeals.      *Affirmed.*

Messrs. VAILE & WATERMAN, Mr. E. N. CLARK, Mr. W. W. FIELD, Mr. W. SCHOOLFIELD, and Mr. W. N. VAILE, for appellant.

Mr. G. K. HARTENSTEIN, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

Klaes brought his action against the railroad company, alleging damages because of his unlawful eviction by the conductor from one of the defendant's freight trains. The fourth paragraph of the complaint is as follows:

"4th. That plaintiff, when pushed off the train, as aforesaid, fell on his side and hurt and bruised his hip, which became very sore and painful, causing him much pain and suffering; preventing him from sleeping for six days and nights and causing him to be lame in his left leg and disabling him for ten days from performing any physical labor and from

performing his usual duties in connection with mining operations in which plaintiff was engaged. That plaintiff's time was of the value of three dollars per day while so disabled from work. That plaintiff paid out and expended for medical treatment and for medicine, as a result of said injury, the sum of four dollars ($4.00)."

The prayer is for five thousand dollars damages and for costs.

The jury rendered a verdict in favor of the plaintiff and assessed his damages at the sum of two hundred and thirty-four dollars, and judgment was rendered upon the verdict. The defendant appealed to the court of appeals. The court erred, it is claimed, in giving and in refusing to give certain instructions. It is also urged that the verdict is excessive.

We find no reversible error in the instructions, and shall confine our investigation to the point made that the verdict is excessive. It is insisted that there is no allegation of the complaint authorizing a verdict in any sum in excess of the sum of thirty-four dollars as special damages. The complaint does not state the amount the plaintiff seeks to recover on account of general damages sustained. The plaintiff does allege in his complaint that by reason of the wrongful conduct of the defendant's conductor in pushing him off the train, his hip was hurt and bruised, and that it became very sore and painful, and that it caused him pain and suffering. No motion was made by the defendant requiring plaintiff to specify the amount of damages he claimed as compensation; and, after verdict, we think the judgment cannot be attacked because of the alleged insufficieny of the complaint. The allegations of the complaint show that the plaintiff was forcibly ejected from a moving train. The natural conse-

quence of being ejected from a moving train is to cause the plaintiff some damage, and if the defendant desired to be informed as to what amount of damage the plaintiff sustained, or claimed, by reason of his wrongful ejection from the train, it should have moved in apt time to require the plaintiff to specify the amount thereof.

In *Orman v. Mannix,* 17 Colo. 564, the court says: "The complaint certainly states facts sufficient to constitute a cause of action. A practice which would allow the raising of other objections to a pleading at the trial is not to be encouraged. Cases should be conducted in court with the least possible expense and annoyance to litigants consistent with the proper administration of justice. The Civil Code requires all mere technical or formal objections to be raised by motion or demurrer before trial. If not so raised they are to be deemed waived. To wait until witnesses have been subpœnaed and the cause reached for trial before raising such objection would be to entail a needless expense upon litigants as well as subject to unnecessary annoyance the court, witnesses and jurors."

This complaint certainly states a cause of action, and although the code requires that the plaintiff should set forth the amount of damages sustained, by going to trial without objection thereto, the defendant waived the right to have the complaint state the amount of damages claimed; and we must hold that the complaint is sufficient to sustain the verdict in this case.

The judgment is affirmed.                    *Affirmed.*

Mr. Justice Caswell and Mr. Justice Maxwell concur.